11-4364                                                         BIA
Wang v. Holder                                               Hom, IJ
A087 481 167

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        JOSÉ A. CABRANES,
>        ROBERT D. SACK,
>            *Circuit Judges.*

_____

LI PING WANG,
>        *Petitioner,*

>        v.                                      11-4364
                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Jie Han, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Ernesto H. Molina,
                       Jr., Assistant Director, Tracey N.
                       McDonald; Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Ping Wang, a native and citizen of the People's Republic of China, seeks review of a September 23, 2011, decision of the BIA affirming the April 13, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ping Wang*, No. A087 481 167 (B.I.A. Sept. 23, 2011), *aff'g* No. A087 481 167 (Immig. Ct. N.Y. City, Apr. 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications, like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on the demeanor, candor or responsiveness of the applicant, . .

2

. [and] the consistency between the applicant's or witness's written or oral statements, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Wang testified that family planning officials beat him with their fists, kicked him, and used batons to strike him in the head and that as a result he suffered head injuries and bruising on his body, chest, and stomach. Wang further stated that he was treated for these injuries and submitted a medical report to corroborate this claim. In finding Wang not credible, the agency found that his testimony concerning the injuries he received was inconsistent with the medical report he submitted, which listed his injuries as "[h]ead injury, skull skin torn, skull skin swollen" but did not mention any bruising and that the same report listed the manner in which he received the injuries as an "accidental collision." The agency reasonably concluded that these inconsistencies were sufficient to find Wang not credible. *See* U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at

3

167 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original)). Furthermore, the agency was not required to credit Wang's explanation, that the medical report did not reflect what really happened because the police and treating hospital were in collusion, particularly since Wang failed to corroborate any bruising consistent with being punched and kicked with affidavits from his sister, who Wang testified was a nurse who also treated his injuries. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, having questioned his credibility, the agency reasonably determined that Wang was unable to rehabilitate his testimony as he failed to present a statement from his sister corroborating his injuries. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir. 2007) ("the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

4

Ultimately, because the inconsistency and lack of corroboration relate to the single incident of persecution, the adverse credibility determination is supported by substantial evidence and the agency did not err in denying asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66; *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (Withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5